IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

RICHARD JEROME[1] MCCLURE                                                              PLAINTIFF

v.                                        Civil No. 6:22-06025

ROY BETHEL (Group 6 Narcotics Unit) and                                               DEFENDANTS
JENNIFER STARKEY (Probation and Parole
Officer)

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This is a civil rights action filed under 42 U.S.C. § 1983.  Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3), the Honorable Susan O. Hickey, Chief United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation.

The case is before the Court for preservice screening under the provisions of 28 U.S.C. § 1915A.[2]  Under § 1915A, the Court has the obligation to screen any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).

### I.    BACKGROUND

Plaintiff filed his Complaint on February 25, 2022.  (ECF No. 1).  He is currently a pretrial detainee at the Clark County Jail.  (ECF No. 1 at 2).  For his first claim, Plaintiff alleges that on January 3, 2022, Defendants Bethell and Starkey entered his house after his 12-year-old son opened the door to their knock, then they interrogated his son without an adult present.  (ECF No. 1 at 4).  Plaintiff alleges that his son was not hurt, but his son thought they were being robbed and

---

[1] Based on state court filings, Plaintiff's middle name is Jerome, not Jerone, as it appears on his Complaint.  The Clerk is DIRECTED to correct Plaintiff's name on the docket.
[2] Enacted as part of the Prison Litigation Reform Act ("PLRA").

now has "bad nightmares." *Id*. He also alleges that they entered his mother's house when she was not present. *Id*. at 5. It is not clear from the Complaint if the Defendants entered one or two houses.

For his second claim, Plaintiff alleges that on August 25, 2021, he was waiting outside the elementary school in Arkadelphia, Arkansas, when Defendant Bethell used excessive force against him. (ECF No. 1 at 6). Plaintiff alleges he was standing outside his car, and when Defendant Bethell did not find what he was looking for in the car he became angry, told Plaintiff to put his hands behind his back, and picked up his Tazer. *Id*. When Plaintiff asked him to wait until the children from the school had passed, Bethell "automatically" tazed him, with the prongs hitting him in the chest and neck. *Id*. He claims Defendant Bethell then tazed him again, and that he still has chest and neck pain from the tazings. *Id*.

Plaintiff proceeds against the Defendants in their individual capacity only. (ECF No. 1 at 5, 7). He seeks punitive damages. *Id*. at 9.

A review of Plaintiff's state court records reveals two cases which appear to be temporally related to these claims.[3] *State v. Richard Jerome McClure, Jr.*, Case No. ADC-21-744, was filed in the Clark County District Court in Arkadelphia on August 26, 2021. Plaintiff plead guilty to charges of driving on a suspended license, defective vehicle lights, resisting arrest, and possession of a controlled substance on September 22, 2021, and this case has been closed. And *State v. Richard Jerome McClure, Jr.*, 10-CR-22-7, was filed in Clark County Circuit Court on January 13, 2022. Plaintiff faces felony drug and firearms charges, and this case remains open.

---

[3] Arkansas Court Connect, last accessed April 11, 2022.

##       II.      LEGAL STANDARD

Under § 1915A, the Court is obligated to screen the case prior to service of process being issued. The Court must dismiss a complaint, or any portion of it, if it contains claims that: (1) are frivolous, malicious, or fail to state a claim upon which relief may be granted, or (2) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is frivolous if "it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action is malicious when the allegations are known to be false, or it is undertaken for the purpose of harassing or disparaging the named defendants rather than to vindicate a cognizable right. *Spencer v. Rhodes*, 656 F. Supp. 458, 464 (E.D.N.C. 1987); *In re Tyler*, 839 F.2d 1290, 1293-94 (8th Cir. 1988). A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"In evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded ... to less stringent standards than formal pleadings drafted by lawyers.'" *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). This means "that if the essence of an allegation is discernable, even though it is not pleaded with legal nicety, then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Jackson*, 747 F.3d at 544 (cleaned up). However, the complaint must still allege specific facts sufficient to support a claim. *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

##       III.      ANALYSIS

Pursuant to *Younger v. Harris*, 401 U.S. 37 (1971), federal courts are required to abstain from hearing cases when "(1) there is an ongoing state judicial proceeding which (2) implicates

important state interests, and when (3) that proceeding affords an adequate opportunity to raise the federal questions presented." *Norwood v. Dickey*, 409 F.3d 901, 903 (8th Cir. 2005) (citing *Fuller v. Ulland,* 76 F.3d 957, 959 (8th Cir. 1996)). Ongoing state criminal proceedings implicate the important state interest of enforcing state criminal law, and constitutional claims relating to that proceeding should be raised there. *Meador v. Paulson*, 385 F. App'x 613 (8th Cir. 2010); *see also Gillette v. N. Dakota Disc. Bd. Counsel*, 610 F.3d 1045, 1046 (8th Cir. 2010). "If all three questions are answered affirmatively, a federal court should abstain unless it detects 'bad faith, harassment, or some extraordinary circumstance that would make abstention inappropriate.'" *Night Clubs, Inc. v. City of Ft. Smith, Ark.*, 163 F.3d 475, 479 (8th Cir. 1998) (quoting *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 435 (1982)).

When only equitable relief is sought, *Younger* "contemplates the outright dismissal of the federal suit, and the presentation of all claims, both state and federal to the state courts." *Gibson v. Berryhill*, 411 U.S. 564, 577 (1973) (a § 1983 case involving only injunctive relief, and not damages). In cases where damages are sought, the Eighth Circuit has noted that the Supreme Court instructs that traditional abstention principles generally require a stay as the appropriate mode of abstention rather than a dismissal. *Night Clubs, Inc.*, 163 F. 3d at 481. In *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706 (1996), the Court said:

> In those cases in which we have applied traditional abstention principles to damages actions, we have only permitted a federal court to withhold action until the state proceedings have concluded, that is, we have permitted federal courts applying abstention principles in damages actions to enter a stay, but we have not permitted them to dismiss the action altogether.

*Id*. at 730.

Here, Plaintiff's 2022 claims of illegal search appear to be intertwined with his 2022 state criminal case, *State v. Richard Jerome McClure, Jr.*, 10-CR-22-7, pending in the Circuit Court of

Clark County, Arkansas. As this case is still pending, the *Younger* abstention doctrine applies. Plaintiff does not contend he cannot raise his claims in the state criminal case. And Plaintiff has not identified any extraordinary circumstances that suggest this Court should interfere with the state criminal case. The state clearly has an important interest in enforcing its criminal laws. There are important interests in allowing state courts to administer their own cases. There is no reason Plaintiff cannot raise his federal claims in the state criminal case. It is, therefore, appropriate to stay Plaintiff's claims of illegal search in January 2022 pending the conclusion of Plaintiff's state criminal case.

This is not the case for Plaintiff's claim of excessive force in August 2021. Based on the Court's review of Plaintiff's court records, Plaintiff plead guilty to several charges, including resisting arrest, in *State v. Richard Jerome McClure, Jr.*, Case No. ADC-21-744, and that case has been closed. Thus, the *Younger* doctrine does not apply. The Eighth Circuit has also made it clear that a finding of excessive force would not necessarily imply the invalidity of [Plaintiff's] conviction for resisting arrest:

> "[T]here is no inherent conflict between a conviction for resisting arrest or harassment of a police officer and a finding that the police officers used excessive force in effectuating the arrest." *Sullivan v. Gagnier*, 225 F.3d 161, 166 (2d Cir. 2000). *See also Hadley v. Gutierrez*, 526 F.3d 1324, 1331 (11th Cir. 2008) ("The jury is free to . . . believe that [plaintiff] was nonetheless punched at a time when he was not resisting. Under that version of facts . . . there is no *Heck* bar."); *Bush v. Strain*, 513 F.3d 492, 498 (5th Cir. 2008) ("[A] claim that excessive force occurred after the arrestee has ceased his or her resistance would not necessarily imply the invalidity of a conviction for the earlier resistance."); *VanGilder v. Baker*, 435 F.3d 689, 692 (7th Cir. 2006) ("Were we to uphold the application of *Heck* in this case, it would imply that once a person resists law enforcement, he has invited the police to inflict any reaction or retribution they choose, while forfeiting the right to sue for damages."); *Huey v. Stine*, 230 F.3d 226, 230 (6th Cir. 2000) ("In general, the federal courts hold that Eighth Amendment claims do not run afoul of *Heck* because the question of the degree of force used by a police or corrections officer is analytically distinct from the question whether the plaintiff violated the law."), *cited by Henson v. Brownlee*, 2 Fed.App'x. 635, 637 (8th Cir.2001) (unpublished); *Martinez v. City of Albuquerque*, 184 F.3d 1123, 1127 (10th Cir.1999) ("The state

> court's finding that Martinez resisted a lawful arrest ... may coexist with a finding that the police officers used excessive force to subdue him."); *Nelson v. Jashurek*, 109 F.3d 142, 145–46 (3d Cir.1997) ("Nelson charges that Jashurek effectuated a lawful arrest in an unlawful manner. Accordingly . . . we do not see why a judgment in his favor would throw the validity of his conviction into doubt.").

*Colbert v. City of Monticello, Ark.*, 775 F.3d 1006, 1008 (8th Cir. 2014). Thus, Plaintiff's 2021 excessive force claim is barred by neither the *Younger* abstention doctrine nor the *Heck* doctrine.

At the same time, Defendant Bethell is named for both claims, and severing the claims into two separate cases would result in Plaintiff being responsible for two separate filing fees under the Prison Litigation Reform Act. It does not, therefore, appear appropriate to sever the claims at this time. Plaintiff may, of course, file a motion to do so if he wishes.

### IV. CONCLUSION

Accordingly, it is recommended that Plaintiff's Complaint (ECF No. 1) be STAYED and ADMINISTRATIVELY TERMINATED pending the resolution of Plaintiff's state criminal case. Plaintiff will have thirty (30) days after the final resolution of his pending criminal case to file a Motion to Reopen this case. Failure to file the Motion by the deadline will result in the summary dismissal of this case.

**The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 12th day of April 2022.

/s/ *Mark E. Ford*
HON. MARK E. FORD
UNITED STATES MAGISTRATE JUDGE